IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AMBER BEN-DAVIES** | * | |
| 8873 Flowerstock Road | | |
| Columbia, MD 21045 | * | |
| | | |
| *Plaintiff,* | * | |
| | | |
| v. | * | Civ. Action No.: 1:16-cv-2783 |
| | | |
| **BLIBAUM & ASSOCIATES, P.A.** | * | |
| 40 York Road, Ste. 300 | | |
| Towson, MD 21204 | * | |
| | | |
| Serve on: | * | |
| | | |
| Gary S. Blibaum | * | |
| 40 York Road, Ste. 300 | | |
| Towson, MD 21204 | * | |
| | | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Amber Ben-Davies ("Ms. Davies") by and through undersigned counsel and for her Complaint against Blibaum & Associates, P.A., alleges and states as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

1

2.     The Plaintiff alleges that the collection practices of Defendant violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt. These collection practices include misstating the amount owed on a judgment as the result of attempting to collect 10 percent post judgment interest when the applicable statutory rate of post judgment interest is limited to 6 percent and refusing to correct this mistake after having it specifically pointed out to Gary S. Blibaum.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer

rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5. The FDCPA is a strict liability statute that provides for actual or statutory damages, or both, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7. The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md.

3

Code Ann., Com. Law §§ 14–201 to 14–204.

8. The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–303, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## JURISDICTION AND VENUE

9. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

12. Plaintiff Amber Ben-Davies is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md.Ann. Code, Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

13. Plaintiff Amber Ben-Davies is also a "person" as that term is defined by the MCDCA and the MCPA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as defined by the MCDCA because it involves and arises out of the seeking

4

or acquiring of real property for personal, family or household purposes.

14. Blibaum & Associates, P.A. is a corporation that engages in the practice of law and the practice of debt collection in the state of Maryland. Blibaum & Associates, P.A. is also licensed as a debt collector in Maryland.

15. At all relevant times, Blibaum & Associates, P.A. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff. Blibaum & Associates, P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

16. At all relevant times Blibaum & Associates, P.A. acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA. Specifically, Nagle is a person collecting or attempting to collect an alleged debt arising out of a consumer transaction.

**FACTUAL ALLEGATIONS**

17. In 2007, Plaintiff Amber Ben-Davies was sued by her landlord, Hendersen-Webb, Inc. for amounts due on a residential lease. This lawsuit resulted in a judgment being entered against her on July 19, 2007. This judgment will be referred to as the "subject debt."

18. Under Maryland law, the general rule is that the legal rate of interest on a judgment is 10 percent per annum on the amount of the judgment. A different legal rate of interest, six percent per annum, applies on a money judgment for rent of residential

5

premises.

19. On July 19, 2016, Defendant sent a letter to the Plaintiff signed by Gary S. Blibaum which incorrectly stated that the current balance of the judgment was $5,811.32. The balance was incorrect because it sought to collect 10 percent post judgment interest when only 6 percent post judgment interest was due.

20. Plaintiff, through undersigned counsel sent correspondence to Defendant requesting that the Defendant verify the amounts it claimed was owed on the judgment.

21. Defendant responded to Plaintiff's counsel by e-mail, stating that it would not provide the requested verification.

22. Plaintiff, through undersigned counsel, placed a telephone call to Gary S. Blibaum during which he confirmed that Defendant was seeking 10 percent post judgment interest.

23. The judgment is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the property that is the subject of the transaction was the Plaintiff's principal residence and used primarily for personal, family, or household purposes.

24. The judgment is also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA because it involved and arose out of the seeking or acquiring of real property for personal, family or household purposes.

25. Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

26. The conduct of Defendant Blibaum & Associates, P.A. violates the FDCPA

at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) which provide:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt . . .
>
> § 1692f. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. The conduct of Defendant Blibaum & Associates, P.A. also violates Md. Code Ann., Com. Law § 14-202(8) because the conduct constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

28. As a result of the Defendant's acts, the Plaintiff suffered from emotional distress, stress, anger and frustration.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

29. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

7

30. In its attempts to collect the aforementioned judgment, Defendant Blibaum & Assoicates, P.A. materially violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) of the FDCPA by demanding payment of $5,811.32 when a lesser amount of approximately $4,918.92 was actually due.

31. As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

## COUNT II
### Violation of the Maryland Consumer Debt Collection Act

32. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

33. In its attempts to collect the aforementioned subject debt, Defendant Blibaum & Associates, P.A. materially violated § 14-202(8) of the MCDCA by demanding payment of $5,811.32 when a lesser amount of approximately $4,918.92 was actually due. Defendant is charged with knowledge of the law and therefore knew or should have known that it had not right to the inflated amount which it was attempting to collect.

34. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from emotional distress, stress, anger and frustration.

## COUNT III
### Violation of the Maryland Consumer Protection Act

35. Plaintiff hereby incorporates by reference the allegations contained in the

above paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff is a consumer as defined by the CPA, Md. Code Ann., Com. Law § 13-101(c).

37. Section 13-303(5) of the CPA prohibits unfair or deceptive trade practices in the collection of consumer debts.

38. Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

39. Defendant Blibaum & Associates, P.A. violated the CPA through its aforementioned violations of the MCDCA.

40. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, stress, anger and frustration.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant, as follows:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in the amount of $10,000.00;

    b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

    d. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: August 5, 2016                    Respectfully Submitted,


                                              */s/  E. David Hoskins*
                                              E. David Hoskins, Esq., No. 06705
                                              THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                                              16 East Lombard Street, Suite 400
                                              Baltimore, Maryland 21202
                                              (410) 662-6500 (Tel.)
                                              davidhoskins@hoskinslaw.com


                                              */s/ Doris N. Weil*
                                              Doris N. Weil , Esq., No. 19679
                                              THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                                              16 East Lombard Street, Suite 400
                                              Baltimore, Maryland 21202
                                              (410) 662-6500 (Tel.)
                                              dorisweil@hoskinslaw.com